UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lawrence Raymond Burns, | Case No. 21-cv-1795 (WMW/ECW) |
| Petitioner, | |
| v. | REPORT & RECOMMENDATION |
| William Bolin, Warden, Minnesota Correctional Facility—Moose Lake, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner Lawrence Raymond Burns' ("Petitioner" or "Burns") application for a Writ of Habeas Corpus by a Person in State Custody arising under 28 U.S.C. § 2254 (Dkt. 1) and Petitioner's Motion to Vacate the 10 Year Conditional Release and Predatory Registration Imposed July 9, 2018 (Dkt. 9). This case has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Accordingly, for the reasons set forth below, this Court recommends that the Petition for Writ of Habeas Corpus (Dkt. 1) be denied with prejudice and the Motion to Vacate the Conditional Release (Dkt. 9) be denied.

## I.   FACTUAL BACKGROUND

On April 4, 2017, the State of Minnesota charged Burns with a single-count of criminal sexual conduct in the fourth degree, in violation of Minn. Stat. § 609.345.1(d).

*State v. Burns*, 27-cr-17-8159 (Henn. Cnty. D. Ct. Apr. 4, 2017 Compl.) (Index #1).¹ The criminal complaint alleged that on April 1, 2017, Burns attended a party where he awoke a female attendee by rubbing her genitals while she was asleep. *Id.* Following motion practice, on April 23, 2018, Burns entered a *Norgaard* guilty plea.² *Burns v. State*, 27-cr-17-8159 (Henn. Cnty. D. Ct. Apr. 24, 2018 Guilty Plea) (Index #44). Burns was sentenced to 90-months imprisonment, to be followed by a 10-year term of conditional release. *Burns v. State*, 27-cr-17-8159 (Henn. Cnty. D. Ct. Apr. 24, 2018 Sentencing Order) (Index #53).

## II. PROCEDURAL BACKGROUND

On direct appeal, Burns argued that his *Norgaard* plea was invalid and he should be allowed to withdraw it because there was not strong evidence in the record on the sexual intent element for a court to independently conclude there was a strong probability he would be found guilty at trial. (Dkt. 19 at 2-23.) In his appellate brief, Burns referenced federal law twice. First, he argued that "essential due process guaranteed by the Fourteenth Amendment is that 'no person shall be made to suffer the onus of a

---

¹ The case records can be located by searching by Case Number at https://publicaccess.courts.state.mn.us/CaseSearch.

² A *Norgaard* plea is a guilty plea accepted by Minnesota state courts when the defendant claims to not remember what happened, but does not object to the underlying facts of the charge. *State ex rel. Norgaard v. Tahash*, 110 N.W.2d 867, 872 (Minn. 1961); *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994) ("A defendant may also plead guilty even though he or she claims a loss of memory, through amnesia or intoxication, regarding the circumstances of the offense. In such cases, the record must establish that the evidence against the defendant is sufficient to persuade the defendant and his or her counsel that the defendant is guilty or likely to be convicted of the crime charged.").

criminal conviction." (Dkt. 19 at 15 (citing *Jackson v. Virginia,* 443 U.S. 307, 316 (1979); U.S. Const. Amend. XIV).) Second, he referred to *North Carolina v. Alford*, 400 U.S. 25 (1970), wherein the Supreme Court found that a defendant can assent to a charge without admitting guilt. (Dkt. 19 at 16.) The Minnesota Court of Appeals found that Burns' plea was valid and was supported by a sufficient factual basis. (Dkt. 19 at 44-53); *State v. Burns*, Case No. A18-1629 (Minn. Ct. App. 2019).

Burns sought further review by the Minnesota Supreme Court on two issues: (1) can a defendant enter a valid *Norgaard* plea after asserting facts at a plea hearing demonstrating that he remembered the incident; and (2) was there a sufficient factual basis to support a finding that his conduct was sexually motivated. (Dkt. 19 at 55-63.) Burns did not cite federal law in his petition for further review. (*Id.*) The Minnesota Supreme Court denied Burns' petition for further review on October 29, 2019. (Dkt. 19 at 75.)

On May 26, 2020, Burns filed a pro se petition for postconviction relief. *Burns v. State*, 27-cr-17-8159 (Henn. Cnty. D. Ct. May 26, 2020 Pet. Postconviction Relief) (Index #79). In his petition and supporting memorandum, Burns argued that his *Norgaard* plea was invalid because he was not afforded a psychosexual assessment prior to the plea hearing. *Id.* at 1. In support of his petition, Burns cited *Ake v. Oklahoma*, 470 U.S. 68 (1985). *See Burns v. State*, 27-cr-17-8159 (Henn. Cnty. D. Ct. May 26, 2020 Mem. Supp. Pet. Postconviction Relief) (Index #80). Burns also argued that the *Norgaard* plea procedure conflicts with the Sixth and Fourteenth Amendments. *Id.* at 4-5. Burns also contended that his trial counsel was ineffective for failing to secure a

3

psychological evaluation in violation of *Strickland*. *Id.* at 10. Burns' petition was denied because his claims were *Knaffla*[3] barred. *Burns v. State*, 27-cr-17-8159 (Henn. Cnty. D. Ct. July 13, 2020 Mem. & Order).

On September 14, 2020, Burns filed an appeal of his pro se petition for postconviction relief. (Dkt. 19 at 76-105, *Burns v. State*, Case No. A20-0985 (Minn. Ct. App.).) In his appeal he raised three issues: (1) whether the postconviction court's denial of his petition could be appealed; (2) whether his *Norgaard* plea violated the Sixth Amendment and *Ake v. Oklahoma*, 470 U.S. 68 (1985); and, (3) ineffective assistance of counsel. (Dkt. 19 at 79.) Burns cited four federal cases in support of his appeal.[4] (Dkt. 19 at 81.) The Minnesota Court of Appeals affirmed the denial of Burns' postconviction petition because it concurred with the finding that Burns' claims were *Knaffla* barred. (Dkt. 19 at 174-77.)

Burns sought further review from the Minnesota Supreme Court on three grounds: (1) whether *Knaffla* supersedes the Sixth and Fourteenth Amendments of the Constitution; (2) whether his *Norgaard* plea violated the Sixth Amendment; and (3) whether he received ineffective assistance of counsel. (Dkt. 19 at 179-80.) On June 15, 2021, Burns' petition for further review was denied. (Dkt. 19 at 215.)

---

[3]  *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) (any grounds that were raised on or known at the time of direct appeal will not be considered upon a subsequent petition for postconviction relief).

[4]  *Ake v. Oklahoma*, 470 U.S. 477 (1985); *Britt v. North Carolina*, 404 U.S. 266, 267 (1971); *Loe v. United States*, 545 F. Supp. 622 (E.D. Va. 1982); *Washington v. Texas*, 388 U.S. 14, 19 (1967).

On July 28, 2021, Burns mailed the present petition to the Clerk of Court. (Dkt. 1 at 18.) This Court ordered briefing, which was timely completed by both Respondent and the Petitioner. (Dkt. 8, 16, 17, 18, 21.) The matter is now before the undersigned for review. Based on a thorough review of the pleadings and documents submitted, this Court recommends that the petition be denied.

### III.     PETITION FOR WRIT OF HABEAS CORPUS (DKT. 1)

#### A.     Legal Standard

A prisoner in state custody may seek relief in federal court by filing an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief under § 2254 is warranted in three circumstances: (1) when a state court decision was contrary to clearly established federal law, (2) when a state court decision involved an unreasonable application of clearly established federal law, or (3) when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1), (2). However, the application for a writ of habeas corpus will only be granted if "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A).

In conformance with the principles of comity and federalism, the exhaustion doctrine requires state courts to have a "full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), where "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of

5

discretionary review), thereby alerting that court to the federal nature of the claim," *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). Thus, "a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the Minnesota Supreme Court) before seeking relief in federal court." *Fraction v. Minnesota*, 678 F. Supp. 2d 908, 916 (D. Minn. 2008).

Fair presentment requires the prisoner to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). Both the United States Supreme Court and the Eighth Circuit have noted that "[i]t is not enough to recite only . . . the facts necessary to state a claim for relief, or to make a general appeal to a constitutional guarantee as broad as due process." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (internal quotation marks and citations omitted). A claim has not been fairly presented if the presiding court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32. More specifically:

> [E]ven if the opinion of the state court of appeals does not make any mention of a federal claim, a brief submitted to that court that sets forth the federal constitutional basis for a claim can satisfy the requirement that the petitioner 'apprise the state court of his claim that the…ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment.'

*Fraction*, 678 F. Supp. 2d at 917 (quoting *Duncan v. Henry*, 513 U.S. 364, 366 (1995)); *see also Jones v. Jerrison*, 20 F.3d 849, 853-55 (8th Cir. 1994) (federal legal theories

6

must plainly appear on the face of the petitioner's state court briefs, explicit reliance on federal law in a brief is a way to fairly present a claim). However, "[a] petitioner must present both the factual and legal premises of his claims to the state courts in order to exhaust the claims properly." *Dansby v. Hobbs*, 766 F.3d 809, 823 (8th Cir. 2014) (emphasis added). "The onus rests on the prisoner to present the substance of his federal claims in each appropriate state court . . . ." *Turnage*, 606 F.3d at 936 (quotation marks and citation omitted).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (the court need not consider prejudice if it finds no cause for a procedural default). Under Minnesota law, where a defendant took a direct appeal, "all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief." *Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008) (quoting *State v. Knaffla*, 243 N.W.2d 737, 741 (1976)). The primary exceptions to the *Knaffla* rule are where a novel legal issue is presented, or the interests of fairness require relief. *Washington v. State*, 675 N.W.2d 628, 630 (Minn. 2004). The Eighth Circuit routinely declines review of claims that Minnesota courts find to be *Knaffla* barred. *See e.g. Murray v. Hvass*, 269

7

F.3d 896, 898-901 (8th Cir. 2001); *McCall v. Benson*, 114 F.3d 754, 757-58 (8th Cir. 1997).

**B.      Analysis**

In his Petition, Burns seeks relief on four grounds. First, Burns contends that he was deprived of his Sixth and Fourteenth Amendment rights by entering a plea pursuant to *Norgaard* because there was not sufficient proof to support his conviction. (Dkt. 1 at 5.) He acknowledges that he did not raise this issue on postconviction relief, because he was prevented from doing so by Minn. Stat. § 590.01[5]. (*Id*. at 9.) Respondent contends that Burns' first ground for relief is untimely and procedurally defaulted. (Dkt. 18 at 13-16.)

A claim is procedurally defaulted if it is not raised before the highest court of the state. Burns raised his claim about the constitutionality of his *Norgaard* plea and the sufficiency of the supporting evidence to the Minnesota Court of Appeals on direct appeal with passing reference to federal law (Dkt. 19 at 15-16), but in his petition for further review to the Minnesota Supreme Court he made no reference to federal law (Dkt. 19 at 55-63). A state court must be made aware of the federal claim for relief to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845; *Jones*, 20 F.3d at 855 (finding that a claim was not fairly presented to a state appellate court because petitioner did not refer to or

---

[5]      Minn. Stat. § 590.01, subd. 1(2) provides that a petition commenced after a direct appeal has been taken may not be based on grounds that could have been raised on direct appeal of the conviction or sentence.

8

rely on federal law in his appellate brief). The Minnesota Supreme Court was not made aware of the federal nature of Burns' claim, so the claim is procedurally defaulted.

Second, Burns argues that his public defender violated the Sixth Amendment by failing to file a notice of appeal with the United States Supreme Court. (Dkt. 1 at 10.) Respondent contends that this claim is procedurally defaulted. (Dkt. 18 at 16-18.) This claim was not raised on direct appeal, nor was it raised on postconviction review. Although Burns argued on postconviction review that his counsel was ineffective,[6] he did not argue the factual premise identified here—that his counsel was ineffective for failing to raise his claims to the United States Supreme Court. *Dansby*, 766 F.3d at 823 (finding that a petitioner must raise the factual and legal basis for a claim to the state courts). Burns' ineffective assistance claim based on counsel's alleged failure to take the case to the United States Supreme Court is raised for the first time in the present Petition. Therefore, the claim is procedurally defaulted, and this Court must recommend that relief be denied on this basis.

Third, Burns contends that he was deprived of his Sixth and Fourteenth Amendment rights because the *Knaffla* rule applied by Minnesota courts supersedes the Constitution. (Dkt. 1 at 12.) Unlike the first two claims, this claim was raised to the state court during postconviction proceedings, and it was supported by citations to federal law. (Dkt. 19 at 76-105.) The postconviction court and the Minnesota Court of Appeals both

---

[6]    Instead, Petitioner asserted that his trial counsel was ineffective by not requesting a psychological evaluation or consulting with a psychologist at any point prior to the plea hearing, which as stated previously the court found was *Knaffla* barred. (Dkt 19 at 108-09.)

9

concluded that this claim was *Knaffla* barred because Burns could have raised the claim on direct appeal. (Dkt. 19 at 151-56, 174-77.) If a state court reviews a postconviction claim and finds it to be barred by independent and adequate grounds of state law, then a federal court will not review the claim further. *See, e.g., McCall*, 114 F.3d at 757-58. The Minnesota courts found this claim to be defaulted because it could have been raised earlier. This finding rests on an independent and adequate basis of state law—namely the *Knaffla* rule—and this Court will not disrupt that finding. *See Murray*, 269 F.3d at 898-901 (concluding that *Knaffla*'s procedural bar is firmly established and consistently followed). Thus, the Court must recommend that Claim 3 be denied.

Fourth, Burns asks, "does the constitution still exist or apply to petitioner after April 23, 2018." (*Id.* at 13). This claim, like claims one and two, was not raised at the state level, so it is procedurally defaulted.

In sum, based on a thorough review of the state court proceedings, this Court concludes that all of Burns' claims are procedurally defaulted. The first claim is procedurally defaulted because Burns did not make the federal basis for the claim clear to the Minnesota Supreme Court on direct appeal. Claims two and four are procedurally defaulted because Burns did not raise them on direct appeal or postconviction review, and thus, Minnesota courts had no opportunity to consider the merits of these claims. The third claim was rejected by Minnesota courts based on an adequate state procedural rule. Burns does not argue that he had cause and prejudice for defaulting the claims, nor does he argue that he qualifies for the fundamental miscarriage of justice exception. Thus, this Court recommends that Burns' Petition be denied.

### IV. MOTION TO VACATE CONDITIONAL RELEASE AND REGISTRATION

Burns seeks to have his term of conditional release and his requirement to register as a predatory offender vacated.[7] (Dkts. 9, 10.) Burns does not assert that he gave the state courts a chance to resolve these claims and a review of publicly accessible records does not demonstrate any attempt to seek relief in state court. Thus, Burns cannot seek any relief on this basis in the present Petition because this claim has not been exhausted in state court.

### V. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Burns must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court concludes that it is unlikely any other court, including the Eighth Circuit, would reach a conclusion contrary to that reached above with respect to failure to exhaust and procedural default of his claims. Accordingly, it is recommended that a COA not be issued in this matter.

---

[7] The Court also notes that the registration requirement is a collateral consequence of a conviction, which alone does not satisfy the "in custody" requirement of § 2254(a). *See Stevens v. Fabian*, No. CIV 08-1011 ADM/AJB, 2009 WL 161216, at *10 (D. Minn. Jan. 22, 2009).

## VI. RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. The Petition (Dkt. 1) be **DENIED** and that this action be **DISMISSED WITH PREJUDICE.**

2. Petitioner's Motion to Vacate (Dkt. 9) be **DENIED.**

3. No certificate of appealability be issued.

Dated: January 10, 2022           *s/Elizabeth Cowan Wright*
                                  ELIZABETH COWAN WRIGHT
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).