UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lawrence Raymond Burns, | Case No. 21-cv-1795 (WMW/ECW) |
| Petitioner, | |
| v. | **ORDER REJECTING AS MOOT REPORT AND RECOMMENDATION** |
| William Bolin, | |
| Respondent. | |

Before the Court is the January 10, 2022 Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 23.) For the reasons addressed below, the Court dismisses this action and rejects as moot the R&R.

Burns was convicted of fourth-degree criminal sexual conduct in 2018 and sentenced to 90 months' imprisonment. In August 2021, Burns commenced this action by filing a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, and filed a motion to vacate his ten-year conditional release and predatory sex offender registration. The R&R recommends that the Court deny Burns's petition for habeas corpus with prejudice, deny Burns's motion to vacate, and decline to issue a certificate of appealability.

A district court reviews *de novo* those portions of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

As an initial matter, Burns requests that the Court allow him to withdraw his petition without prejudice. Burns contends that he filed the petition to educate himself and does not seek to be released from custody. The Court construes Burns's request to withdraw as a motion to voluntarily dismiss this action. *See* Fed. R. Civ. P. 41.[1] A plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). The parties also may stipulate to dismissing an action. Fed. R. Civ. P. 41(a)(1)(A)(ii). Otherwise, an action may be dismissed at a plaintiff's request "only by court order, on terms that the court considers proper." Fed R. Civ. P. 41(a)(2).

Because this action is a habeas petition, neither an answer nor a motion for summary judgment has been filed. But the parties have fully briefed the habeas petition and the magistrate judge has issued a report and recommendation. The procedural posture of this matter, therefore, is more analogous to a civil matter after an opposing party serves an answer or a motion for summary judgment. Accordingly, Burns requires a court order to voluntarily dismiss this action. *See* Fed. R. Civ. P. 41(a)(2).

Generally, courts "will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). In deciding a motion under Federal Rule of Civil Procedure 41(a)(2), courts consider "(1) the defendant's effort and the expense involved

---

[1] The Federal Rules of Civil Procedure may be applied to a proceeding under 28 U.S.C. § 2254 to the extent that they are not inconsistent with any statutory provisions or the Rules Governing Section 2254 Cases and Section 2255 Proceedings. Rule 12, Rules Governing Section 2254 Cases in the United States District Courts.

in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Id.* at 783.  Here, the first and fourth factors are inapplicable.  As to the second factor, despite some delay, Burns has largely been diligent in prosecuting the action.  And as to the third factor, although Burns does not provide a thorough explanation of the need for dismissal, he indicates that he does not wish to be released from custody.  These factors weigh in favor of granting Burns's motion for voluntary dismissal.  Moreover, the only prejudice Respondent will suffer is that resulting from a subsequent action.

For these reasons, the Court grants Burns's motion to voluntarily dismiss this action.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE**.

2. The January 10, 2022 R&R, (Dkt. 23), is **REJECTED AS MOOT**.

3. Petitioner's motion to vacate, (Dkt. 9), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 20, 2022　　　　　　　　　　　　　　s/Wilhelmina Wright
　　　　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge